IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

|  |  |  |
|---|---|---|
| Anthony Luis Galarza, | ) | Case No.: 2:25-cv-12861-JD-MGB |
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | **ORDER** |
|  | ) |  |
| Warden, FCI Edgefield, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, issued under 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) (D.S.C.). (DE 17.) The Report recommends granting Respondent's Motion to Dismiss or, in the alternative, for Summary Judgment (DE 13), construing the motion as one for summary judgment, and dismissing Petitioner Anthony Luis Galarza's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241.[1] The time for filing objections has expired, and no objections have been filed.

A.      **Background**

Petitioner is a federal prisoner confined at FCI Edgefield. He challenges the Bureau of Prisons' calculation of time credits under the First Step Act of 2018 ("FSA").

---

[1]      The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

The Petition raises two claims: first, that Petitioner should have begun earning fifteen days of FSA time credits for every thirty days of qualifying participation before March 11, 2024; and second, that the BOP improperly disallowed thirty-six program days while Petitioner was in transit or hold status. (DE 1; DE 4-1.)

Respondent filed the pending dispositive motion on February 17, 2026. (DE 13.) After receiving a *Roseboro* order, Petitioner filed a response in opposition. (DE 14; DE 16.) Petitioner argued that LOW PATTERN assessments dated October 5, 2022, and March 29, 2023, satisfied the statutory requirements for the enhanced earning rate. (DE 16 at 6.) He attached worksheets titled "FSA Recidivism Risk Assessment" for both dates, and he asserted that Respondent had not produced the complete PATTERN and assessment history needed to resolve the claim. (DE 16-1.)

The Report concluded that Petitioner did not exhaust administrative remedies concerning the thirty-six disputed transit or hold days. (DE 17 at 8–9.) As to the enhanced-accrual claim, the Report accepted the BOP's use of 180-day assessment periods or cycles. Under that methodology, the Report found that Petitioner maintained LOW risk during cycles 004 and 005 and properly began earning the enhanced rate at the start of cycle 006 on March 11, 2024. The Report acknowledged the March 29, 2023, LOW PATTERN assessment but concluded that the BOP properly used the August 27, 2023, score as the operative score for cycle 005. (DE 17.)

The Report advised the parties of the right to file specific written objections and the consequences of failing to do so. The Report was mailed to Petitioner at FCI

Edgefield, and the docket does not reflect that the mailing was returned. No objections or other post-Report submissions were filed.

## B.    Legal Standard

The court must review de novo only those portions of the Report to which a party makes a specific objection. 28 U.S.C. § 636(b)(1). To be actionable, objections must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. *See United States v. Schronce*, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). "The Supreme Court has expressly upheld the validity of such a waiver rule, explaining that 'the filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

When no specific objection is made, the court need not conduct de novo review and need only satisfy itself that there is no clear error on the face of the record before accepting the recommendation. *Diamond*, 416 F.3d at 315; *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983).

## C.    Discussion

Although no objections were filed, the absence of objections does not require adoption of the Report. Section 636(b)(1) preserves the Court's authority to accept, reject, modify, or recommit a recommendation, and the Court may conduct such additional review as it considers appropriate. The Court has therefore reviewed the

3

Report and the record for clear error and, as explained below, exercises its discretion to consider the enhanced-accrual issue more closely.

### 1.    Transit or Hold Days

The Court finds no clear error in the Report's conclusion that Petitioner failed to exhaust his claim concerning thirty-six days spent in transit or hold status. Respondent's SENTRY records show that the administrative remedy Petitioner pursued concerned the date on which he became eligible for the enhanced earning rate, not the separate transit-days claim. Petitioner's discussion of exhaustion in DE 16 likewise concerns his efforts to pursue the enhanced-rate claim and does not establish exhaustion, unavailability, cause, or prejudice as to the transit-days claim.

The transit-days claim will therefore be dismissed without prejudice. Because non-exhaustion is dispositive of that claim, the Court does not reach the Report's alternative observation concerning the merits of the claim under *White v. Warden of Federal Correctional Institution - Cumberland*, 164 F.4th 326 (4th Cir. 2026).

### 2.    Enhanced FSA Accrual Rate

Petitioner was not entitled to de novo review of this issue because he filed no objection. The Court also does not conclude that the Report's recommendation is clearly erroneous merely because persuasive authorities disagree over whether the "assessments" referenced in 18 U.S.C. § 3632(d)(4)(A)(ii) are individual PATTERN risk assessments or the BOP's broader assessment intervals.

Several decisions support the interval methodology accepted in the Report. *Gutierrez v. Engleman*, No. 2:24-cv-05378-SVW-SSC, 2025 WL 2471774, at *8-9 (C.D.

4

Cal. July 17, 2025), report and recommendation adopted, 2025 WL 2468868 (C.D. Cal. Aug. 27, 2025), accepted the BOP's distinction between PATTERN score dates and assessment periods after evaluating the agency's reasoning under *Skidmore v. Swift & Co.*, 323 U.S. 134 (1944). *Sharma v. Peters*, 756 F. Supp. 3d 1271, 1276-78 (M.D. Ala. 2024), likewise treated consecutive assessment periods, rather than every PATTERN score generated within a period, as controlling. Those decisions provide reasoned support for the Report's conclusion.

Nevertheless, the Court is not persuaded that the enhanced-accrual recommendation should be adopted on the present record. Petitioner submitted a March 29, 2023, document expressly identified as an FSA recidivism-risk assessment and reflecting LOW general and violent risk levels. (DE 16-1 at 2–3.) The Report acknowledges that assessment but does not fully explain its legal significance or the nature of the event that generated it. The present record does not clearly establish whether the March 29 assessment was generated in connection with a regularly scheduled Program Review, an off-cycle reassessment, a correction, or another process.

The treatment of the March 29 assessment is especially important in light of *Glass v. Warden, FCI Edgefield*, No. 5:24-cv-06478-DCC, 2025 WL 2753499, at *2 (D.S.C. Sept. 26, 2025). *Glass* agreed that the word "over" could require three LOW assessments, but it did not generally approve delaying enhanced accrual until two complete assessment intervals had passed. Instead, after the prisoner received a third LOW assessment before the next cycle began, the court directed enhanced

accrual beginning with that next cycle. The Report quotes *Glass* but does not fully reconcile that disposition with Petitioner's LOW assessments dated October 5, 2022, March 29, 2023, and August 27, 2023.

The Fourth Circuit's unpublished decision in *Nicoletti v. Bayless*, No. 24-6012, 2025 WL 80294, at \*2 (4th Cir. Jan. 13, 2025) (per curiam), also counsels against accepting the BOP's internal interval methodology without evaluating its persuasive force. *Nicoletti* vacated a decision that deferred to the BOP's assessment-period interpretation and remanded for consideration of the interpretation's thoroughness, validity, consistency, formality, and persuasive value under *Skidmore. See Skidmore*, 323 U.S. 134; *see also Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400, 412 (2024).

The conflicting authorities do not themselves establish clear error. They do, however, demonstrate that the enhanced-accrual issue requires a more developed factual record and a more focused evaluation of the BOP's interpretation before the Court can confidently enter judgment. The Court therefore exercises its discretion under § 636(b)(1) to decline adoption of that portion of the Report at this time and to recommit the claim for limited supplemental proceedings.

The supplemental proceedings should address: (1) the date, purpose, and procedural context of each PATTERN or risk-and-needs assessment from October 2022 through March 2024, including the March 29, 2023 assessment; (2) whether the March 29 assessment constitutes an "assessment" under 18 U.S.C. § 3632(d)(4)(A)(ii); (3) the governing versions of the BOP Program Statements and the Federal Time

6

Credits Job Aid or Time Interval Tool; (4) the formality, consistency, reasoning, and persuasive force of the BOP's interval methodology under *Skidmore* and *Nicoletti*; and (5) the differing analyses in *Glass*, *Gutierrez*, and *Sharma*. The supplemental record should include the complete PATTERN and Program Review history, the FSA Time Credit Assessment showing the relevant cycles, and the BOP materials on which Respondent relies. The parties should be permitted to submit focused supplemental briefing.

**D.    Conclusion**

Accordingly, the Court ADOPTS IN PART the Report and Recommendation (DE 17). Respondent's Motion (DE 13), construed as a motion for summary judgment, is GRANTED IN PART as to Petitioner's claim seeking FSA time credits for thirty-six days spent in transit or hold status. That claim is DISMISSED WITHOUT PREJUDICE for failure to exhaust administrative remedies.

The Court DECLINES TO ADOPT at this time the recommendation that Respondent be granted summary judgment on Petitioner's enhanced-accrual claim. The Court RESERVES RULING on DE 13 as to that claim and RECOMMITS the claim pursuant to 28 U.S.C. § 636(b)(1) for supplemental proceedings and a supplemental report and recommendation consistent with this Order. The Clerk shall effect any reassignment necessary to accomplish that limited recommitment.

No judgment shall be entered at this time, and this case shall remain open.

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 30, 2026

## NOTICE OF RIGHT TO APPEAL

A party seeking to appeal must file a notice of appeal with the Clerk of Court within thirty (30) days after entry of the judgment. Fed. R. App. P. 3, 4(a)(1)(A).